IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTIE M. ADEMILUYI,

    *Movant*,

    v.

PENNYMAC LOAN SERVICES, LLC.

    *Respondent*.

Civil Action No. ELH-15-01576

## MEMORANDUM

Now pending is Christie M. Ademiluyi's "Motion for Withdrawal of Reference of Main Bankruptcy Case," pursuant to 28 U.S.C. § 157(d). ECF 1 ("Motion"). Ademiluyi seeks to withdraw to this Court her entire Chapter 13 bankruptcy proceeding, which is currently before the U.S. Bankruptcy Court for the District of Maryland. *See In Re Ademiluyi*, Bankr. Case No. 14-25763 (D. Md. Bankr. 2014) ("Bankruptcy Proceeding"). Respondent PennyMac Loan Services, LLC ("PennyMac") submitted to the Bankruptcy Court an objection to Ademiluyi's Motion. *See* Bankr. Case No. 14-25763, ECF 95 ("Objection"). Ademiluyi submitted the Objection to this Court as an attachment to her Motion. *See* ECF 1-1. She also separately submitted a reply. ECF 2. The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

The Bankruptcy Proceeding is related to another case now before me, *Ademiluyi v. CitiMortgage, Inc., et al.*, ELH-15-00777, which Ademiluyi originally filed as an adversary proceeding in the Bankruptcy Court. *See Ademiluyi v. CitiMortgage, Inc. et al.*, Adv. Case No. 14-00806 (D. Md. Bankr. 2014) ("Adversary Proceeding"). The Adversary Proceeding, in turn,

is related to a putative class action originally filed in this Court in 2012.  *Ademiluyi v. PennyMac Mortgage Investment Trust Holdings I, LLC*, ELH-12-00752.

On February 25, 2015, the judge presiding over the Bankruptcy Proceeding moved, *sua sponte*, for a withdrawal of reference of the Adversary Proceeding from the Bankruptcy Court to this Court.  *See* ELH-15-00777, ECF 1.  The judge found that "judicial economy and efficiency strongly indicate that withdrawal of reference … is necessary," *id* at 2, because "the resolution of the pending motions [in the adversary proceeding] as well as the majority of the causes of action asserted in the adversary proceeding require final orders that cannot be entered by the Bankruptcy Court … and the Plaintiff has not consented to the Bankruptcy Judge issuing final orders."  *Id*. at 1.  *See also*, *e.g.*, *Wellness Int'l Network, Ltd. v. Sharif*, ___ U.S. ___, No. 13-935, 2015 WL 2456619, at *13 (May 26, 2015) ("Absent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*. § 157(c)(1).").

On April 27, 2015, I granted the motion for withdrawal of the Adversary Proceeding.  ELH-15-00777, ECF 3.  Two motions are currently pending before me in that case.  *See* ELH-15-00777, ECF 12; ECF 14.  On May 22, 2015, I granted summary judgment for the defendant in the related 2012 action.  ELH-12-00752, ECF 109.

As a preliminary matter, it appears that Ademiluyi misunderstood the bankruptcy judge's *sua sponte* motion to withdraw the Adversary Proceeding.  When Ademiluyi filed the Motion, she seemingly believed the bankruptcy judge intended to withdraw the entire Bankruptcy Proceeding.  Ademiluyi's misunderstanding is apparent in certain filings in the Bankruptcy Proceeding and is repeated in the Motion itself.

On April 9, 2015, Ademiluyi filed in the Bankruptcy Proceeding a document titled "Motion for Clarification of Plan Confirmation Hearing Held on Feb 24, 2015." *See* Bankr. Case No. 14-25763, ECF 80 ("Motion for Clarification").  That motion stated, *inter alia*, *id*. ¶ 1:

> On February 24, 2015, at debtor's confirmation hearing, [Bankruptcy] Judge Catliota advised the debtor [Ademiluyi] that he believes Bankruptcy Court should not have jurisdiction over the main case but continued the hearing until after the Bankruptcy Court considers whether jurisdiction over the adversary proceeding is appropriate.   Judge Catliota continued the hearing until April 7.   Debtor understood that this Court would *sua sponte* file a motion for withdrawal of reference of the main case, if the same was done in the adversary proceeding.

The Motion for Clarification then provided reasons why Ademiluyi believed the Bankruptcy Proceeding should be withdrawn to this Court.  *Id*. ¶¶ 6-9.  Before the bankruptcy judge ruled on the Motion for Clarification, Ademiluyi prepared the pending Motion, asking this Court to withdraw reference of the Bankruptcy Proceeding.  ECF 1 at 12 (certificate of service stating Ademiluyi served the Motion on defendant on May 10, 2015).  In the Motion, Ademiluyi restated her belief that the bankruptcy judge had represented that "the Bankruptcy Court most likely should not have jurisdiction over the main case … ."  *Id*. at 5.

On May 21, 2015, the bankruptcy judge denied the Motion for Clarification, stating, in part, Bankr. Case No. 14-25763, ECF 91 at 2 ("Clarification Order"):

> This court did not suggest that the reference should be withdrawn for the entire Chapter 13 bankruptcy case.  Indeed, the court knows of no reason why the reference should be withdrawn for this Chapter 13 case.  At the confirmation hearing held on May 19, 2015, the issues that must be resolved for confirmation to occur were addressed and will be the subject of a further hearing.  While all cases differ in some respects, and each debtor's situation is unique, the procedural and substantive posture of this case is not materially different than any number of Chapter 13 cases that the court addresses on a routine basis.

On May 26, 2015, defendant filed the aforementioned Objection to the pending Motion.  As stated, defendant filed the Objection in the Bankruptcy Proceeding, Bankr. Case No. 14-

25763, ECF 95, and Ademiluyi filed a copy of the Objection as an exhibit to her Motion in this Court. *See* ELH-15-01576, ECF 1-1. In its Objection, defendant argued that the Motion "misrepresents the record before the Bankruptcy Court in an attempt to confuse the District Court into withdrawing the reference for the entire chapter 13 case," and then quoted the same paragraph just quoted from the bankruptcy judge's Clarification Order. *Id*. at 1-2. Defendant further argued that, in any event, the "Motion fails because withdrawal of this chapter 13 case is neither mandatory nor discretionary under applicable law," *i.e.*, pursuant to 28 U.S.C. § 157(d). *Id*. at 2. Withdrawal is not mandatory because "[n]o questions of non-bankruptcy federal law are involved in determining whether to confirm Debtor's chapter 13 Plan." *Id*. Moreover, defendant argues, the Court should not exercise its discretion to withdraw the Bankruptcy Proceeding because the applicable factors, as set forth in *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681 (E.D. Va. 2003), weigh against withdrawal. *Id*. at 4-5.

Ademiluyi filed a reply on June 6, 2015 (ECF 2), along with a memorandum of law. ECF 2-1 ("Reply"). For the most part, she repeated and expanded the arguments made in her Motion. She argued that her Motion was timely filed. ECF 2-1 at 4. She also argued that withdrawal is mandatory because "the Bankruptcy Court has no authority to confirm a Ch 13 [sic] bankruptcy plan", *id.* at 6, and because the Adversary Proceeding allegations "involve federal claims that may completely eliminate or reduce the amount of both proof of claims" outstanding in the Bankruptcy Proceeding. *Id.* at 7. Finally, and alternatively, she argued that this Court should exercise its discretion to withdraw the Bankruptcy Proceeding, because "there should be a uniform administration of the bankruptcy proceeding and an efficient use of debtor's

resources", and because the bankruptcy judge's Clarification Order was "lacking in authority and acknowledgement of the facts … ." *Id*. at 9.

Specifically, Ademiluyi argues: "Ms. Ademiluyi … is unaware of any bankruptcy cases created out of the misconduct of the defendant in pending litigation and that [sic] can be fully resolved if she is successful in new litigation born out of that misconduct." *Id*. Ademiluyi adds that withdrawal would not "burden or confuse this Court because …. [u]pon withdrawal …, this Court would want to delay confirmation of the bankruptcy plan or stay the bankruptcy case until the litigation is resolved and send the case back to the Bankruptcy Court, if the closure of litigation does not fully resolve it." *Id*. at 10.

Section 157(d) of Title 28 of the U.S. Code states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Per the first sentence of § 157(d), a district court may withdraw a proceeding "in whole or in part" from a bankruptcy court for "cause shown."  And, under the second sentence of § 157(d), withdrawal is mandatory when "the bankruptcy court must decide a question under non-bankruptcy federal law in order to resolve the proceeding." *In re U.S. Airways Group, Inc.*, 296 B.R. at 679.[1]  Generally speaking, courts look to the following six factors in deciding whether to exercise discretionary withdrawal under the first sentence of § 157(d):

> (i) whether the proceeding is core or non-core,[ ] (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting

---

[1] The bankruptcy court may adjudicate the non-bankruptcy claims, however, if the defendant or defendants consent. *See Sharif*, *supra*, 2015 WL 2456619, at *13.

judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial.[ ]

In this case, there is no reason for this Court to withdraw Ademiluyi's entire Bankruptcy Proceeding.  She has not shown that resolution of the Bankruptcy Proceeding necessarily requires the bankruptcy court to decide a question of non-bankruptcy federal law.  She has not even identified a question of non-bankruptcy federal law currently before the bankruptcy court.  Rather, she relies entirely on the questions posed in the Adversary Proceeding, which has already been withdrawn to this Court.  *See* ECF 2-1 at 6-7.  Indeed, Ademiluyi makes perfectly clear that she seeks only to delay the Bankruptcy Proceeding when she suggests that this Court should withdraw the Bankruptcy Proceeding, then stay that action until the Adversary Proceeding is resolved, then *send the Bankruptcy Proceeding back to the Bankruptcy Court*.  ECF 2-1 at 10.

Accordingly, I am not persuaded that § 157(d) requires this Court to withdraw the Bankruptcy Proceeding.  Moreover, for the reasons stated by the bankruptcy judge in the Clarification Order, I decline to exercise my discretion to withdraw the Bankruptcy Proceeding.

## Conclusion

For the foregoing reasons, I will deny the Motion (ECF 1).  A separate Order follows, consistent with this Memorandum.


Date: June 10, 2015                            _____/s/_____
                                               Ellen Lipton Hollander
                                               United States District Judge